SCHNAUFFER *v.* CATTERBURY *et al.*

(*Common Pleas of New York City and County, General Term.*  June 18, 1890.)

ATTACHMENT—REVIEW.

> In an action aided by attachment, a judgment for plaintiff for the amount of the debt sued for, with interest and ordinary costs, not including marshal's fees, will not be reversed because the attachment was erroneously issued.

Appeal from tenth district court.

Action by Pauline H. Schnauffer against Louis Catterbury and others.  Judgment was given for plaintiff, and defendants appeal.

Argued before BOOKSTAVER and ALLEN, JJ.

*Arthur C. Butts*, for appellants.

BOOKSTAVER, J.  The action was commenced by summons dated the 28th day of December, 1889, and returnable January 6, 1890.  There is proof that this was personally served.  On an affidavit, undertaking, etc., the justice of that court, on the 28th of December, issued a warrant of attachment against the property of the defendants, which was executed on the same day by one of the marshals of the city of New York.  On the return-day of the summons the defendants appeared, and, on the return of the marshal to the attachment proceedings, moved to set them aside on the ground that the affidavit was insufficient to warrant the issuing of the attachment or to give the court jurisdiction, and also on the ground that the return was false as to the value of the property seized.  The motion was denied by the justice, the cause was tried, and at the close of testimony defendants moved to dismiss the complaint on the evidence, and also on the grounds stated in moving to dismiss the attachment.  This was denied also, and a judgment rendered for the plaintiff.  From that judgment this appeal was taken, and the appellants contend that on such appeal they have the right to review the attachment proceedings, and that the judgment should be reversed if the justice committed any error in regard to them.  This precise question came up in *Rosenthal* v. *Grouse*, 7 Civil Proc. R. 135, and after mature deliberation was decided adversely to appellants' contention; this court holding that the warrant of attachment was a provisional remedy merely, not involving the merits of the action, or the validity of the process by which the defendant was brought into court, and that it could not be said that the judgment was erroneous, though the justice may have erred in upholding the attachment.  In the course of that decision, *Lang* v. *Marks*, 3 Civil Proc. R. 287, was disapproved of, and it was distinctly shown that, since the adoption of the Code of Civil Procedure, the jurisdiction of the district courts no longer depends on the validity of attachment proceedings, replevin proceedings, etc., but upon the regularity in the summons, its service, etc.  The same conclusion has been arrived at by the general term of the supreme court, third department, in *McNeary* v. *Chase*, 30 Hun, 491, and by the county court of Erie county in

*Irr* v. *Schroeder*, 6 Civil Proc. R. 253. It is true a contrary opinion was announced by the superior court of Buffalo in *Fritze* v. *Pultz*, 2 Civil Proc. R. 142, but that case was reversed on other grounds, as well as on account of the irregularity in its issuing of the attachment, and the court there assumed that, because the justice was in error in that respect, there must be a remedy by appeal; while this court held in *Rosenthal* v. *Grouse, supra,* that in such case there was no such remedy, but a *casus omissus,* just as there had been in section 3191 of the Code until amended, and we feel bound by that decision. Had the marshal's fees on the attachment been taxed and included in the judgment, this case might possibly have been distinguished from *Rosenthal* v. *Grouse,* but as the judgment rendered, as far as appears from the return, was for the amount of the debt, with interest and ordinary costs only, not including marshal's fees, and was in all other respects justified by the evidence, we think it should be affirmed, with costs.